IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEOPLES NATIONAL BANK, N.A., as a Secured Creditor holding Notes and Security Agreements of P&K Business Corporation and as Assignee of the Notes and Security Agreements held by Farmers State Bank of Alto Pass as Secured Creditor of PJM Enterprises of Marion, Inc., ) ) ) ) ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL NO. 09-761-GPM |
| AMERICAN COAL COMPANY, ) ) ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the complaint in this cause. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *1 (S.D. Ill. Aug. 24, 2009); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009); *Ball v. Ball*, Civil No. 09-405-GPM, 2009 WL 1515299, at *1 (S.D. Ill. June 1, 2009). *Cf. Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1090-91 (S.D. Ill. 2007). Plaintiff Peoples National Bank, N.A. ("Peoples"), brings this action as the secured creditor of P&K Business Corporation ("P&K") and PJM Enterprises of Marion, Inc. ("PJM"), against Defendant American Coal Company ("American") upon accounts stated by P&K and PJM against American for services rendered to American by P&K and PJM. Peoples

seeks to recover against American on the basis of contract and quasi-contract theories under Illinois law.[1]

Peoples asserts federal subject matter jurisdiction in this case on the basis of diversity of citizenship, which requires, of course, that there be complete diversity of citizenship among the parties, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy.  *See* 28 U.S.C. § 1332(a)(1); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 n.1 (S.D. Ill. May 27, 2009); *Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at *1 (S.D. Ill. May 19, 2009) (citing *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007)); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006).  Peoples, as the proponent of federal subject matter jurisdiction in this case, bears the burden of proof as to the existence of such jurisdiction.  *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Mathes*, 2009 WL 2601364, at *1 (citing *Willis*, 2009 WL 2475285, at *1); *Sencon Sys., Inc. v. W.R. Bonsal Co.*, No. 85 C 8250, 1988 WL 33842, at *9 (N.D. Ill. Apr. 6, 1988) (citing *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 251 (7th Cir. 1981)).  *Cf. Trustees of Marion Kingdom Hall of Jehovah's Witnesses v. City of Marion*, Civil No. 07-530-GPM, 2007 WL 4569718, at *2 (S.D. Ill. Dec. 26, 2007).

---

1.  Technically, under Illinois law an action on an account stated is an action in quasi-contract, as it is an action in the nature of assumpsit and not an action on a contract.  *See Chicago & E. Ill. R.R. Co. v. Martin Bros. Container & Timber Prods. Corp.*, 408 N.E.2d 1031, 1035 (Ill. App. Ct. 1980); *Motive Parts Co. of Am., Inc. v. Robinson*, 369 N.E.2d 119, 122 (Ill. App. Ct. 1977); *Pure Torpedo Corp. v. Nation*, 63 N.E.2d 600, 602-03 (Ill. App. Ct. 1945); 1 Ill. Law & Prac. *Account Stated* § 6 (1956 & Supp. 2009) (collecting cases).

Turning then to an examination of the allegations of federal diversity jurisdiction in Peoples's complaint, the Court finds that Peoples has properly alleged that American is a corporate citizen of Delaware and Ohio for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006) (explaining that the citizenship of a corporation for diversity purposes is the state where the corporation is incorporated and the state where it maintains its principal place of business, meaning, in the Seventh Circuit, the state where the corporation maintains its headquarters or "nerve center") (collecting cases). Also, Peoples has properly alleged that an amount in excess of $75,000, exclusive of interest and costs, is in controversy between the parties. *See* 28 U.S.C. § 1332(a). However, Peoples has not alleged properly its own citizenship for purposes of federal diversity jurisdiction. In its complaint Peoples alleges only that it is a national banking association with its principal place of business in Illinois. For diversity purposes, the citizenship of a national banking association is determined by reference to both its principal place of business and "the state listed in its organization certificate." *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001) (citing 28 U.S.C. § 1348). *See also FIA Card Servs., N.A. v. Klinzing*, No. 07-cv-704-bbc, 2008 WL 4103880, at *3 (W.D. Wis. Aug. 29, 2008); *Associated Bank, N.A. v. Dennis Tech., LLC.*, No. 08-cv-0296-MJR-DGW, 2008 WL 2271491, at *1 (S.D. Ill. May 30, 2008); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 932 (S.D. Ill. 2006); *Wells Fargo Bank, N.A. v. Siegel*, No. 05 C 5635, 2005 WL 3482236, at *2 (N.D. Ill. Dec. 15, 2005); *Citibank, N.A. v. Grafmeyer*, No. 05 C 3608, 2005 WL 1799280, at *3 (N.D. Ill. July 27, 2005); *Scher v. Bank One, Del.*, No. 1:05-CV-0540 RLY/WTL, 2005 WL 1606924, at *1 (S.D. Ind. July 6, 2005). Peoples must amend its complaint to allege not only the state where it maintains its principal place of business, Illinois, but also the state listed in Peoples's organization certificate.

To conclude, Peoples is hereby **ORDERED** to file an amended complaint to correct the defect in Peoples's pleading of federal subject matter jurisdiction identified in this Order on or before Friday, October 2, 2009. Failure to file an amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).[2]

**IT IS SO ORDERED.**

DATED: September 23, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. As a final matter, the Court notes that the jurisdictional allegations of Peoples's amended complaint should not be made "on information and belief." *See B & R Oil Co. v. Imperial Enters. of Ill., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *2 (S.D. Ill. June 29, 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).