IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEOPLES NATIONAL BANK, N.A., as a Secured Creditor holding Notes and Security Agreements of P&K Business Corporation and as Assignee of the Notes and Security Agreements held by Farmers State Bank of Alto Pass as Secured Creditor of PJM Enterprises of Marion, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN COAL COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL NO. 09-761-GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

Peoples National Bank, N.A. ("Peoples"), brings this action as a secured creditor holding notes and security agreements of P&K Business Corporation ("P&K") and as assignee of the notes and security agreements held by Farmers State Bank of Alto Pass as secured creditor of PJM Enterprises of Marion, Inc. ("PJM"), against Defendant American Coal Company ("American"). Peoples asserts a claim upon accounts stated by P&K and PJM against American for services rendered to American by P&K and PJM, as well as a claim for unjust enrichment. Trial in this matter was conducted before a jury on February 7-8, 2012. In the course of trial, the parties agreed that Peoples sought no recovery against American on any invoices by PJM for services rendered to American. *See* Doc. 76 at 1 ¶ 1. The parties also stipulated to the validity of

some twenty-nine invoices submitted to American by P&K for services rendered to American by P&K. *See id*. at 1-3 ¶ 2. The effect of the stipulation was to remove $340,000.00 from controversy between the parties. The case proceeded to the jury on the matter of the remaining $411,449.75 that Peoples claimed to be owed by American. The jury returned a verdict for Peoples in the amount of $411,449.75, whereupon on February 9, 2012, the Court entered judgment in favor of Peoples in a total amount of $751,449.75, a sum reflecting the $340,000.00 which American conceded at trial that it owed Peoples and the $411,449.75 in damages awarded to Peoples by the jury, together with post-judgment interest and costs. Peoples now seeks as sanctions against American the attorneys' fees Peoples incurred as a result of having to prosecute this case as to the $340,000.00 that American conceded at trial that it owed Peoples. Peoples invokes a number of federal rules and statutes, including Rule 26 and Rule 37 of the Federal Rules of Civil Procedure, Rule 11 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1927. Peoples's motion for sanctions against American has been fully briefed by the parties, and the Court now rules as follows.

## II. A<small>NALYSIS</small>

### A. Rule 26 and Rule 37 of the Federal Rules of Civil Procedure

Peoples seeks sanctions against American for alleged noncompliance with Rule 26 of the Federal Rules of Civil Procedure, which requires a party to supplement its responses to discovery in a timely manner, when necessary. Concerning supplementation of discovery responses, Rule 26 provides, in relevant part,

> **(e) Supplementing Disclosures and Responses**.
> **(1) *In General*.** A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for

> admission--must supplement or correct its disclosure or response:
>> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>> **(B)** as ordered by the court.

Fed. R. Civ. P. 26(e)(1). Rule 26 is not self-executing, and thus Rule 37 of the Federal Rules of Civil Procedure provides, in relevant part:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit**.
>> **(1)** *Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>>> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>> **(B)** may inform the jury of the party's failure; and
>>> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). The sanctions enumerated in Rule 37(b)(2)(A)(i)-(iv) include the following penalties for a failure to supplement discovery responses in a timely manner: directing that the matters embraced in a discovery order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until a discovery order is obeyed; dismissing the action or proceeding in whole or in part; or rendering a default judgment against the disobedient party. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

In response to Peoples's request for attorneys' fees under Rule 37, American points out that it produced the twenty-nine invoices at issue to Peoples in discovery in a timely manner and had no further duty to supplement its discovery disclosures, particularly where Peoples never sought to conduct any further discovery as to those invoices. American points out also that it was under no obligation to amend its discovery disclosures, given that its litigation position when trial in this case commenced was that it owed nothing to Peoples; in fact, it appears that American's position even today is that the debts claimed by Peoples were premised on essentially fraudulent documents and were invalid. According to American, it decided not to contest the twenty-nine invoices at issue only after trial in this case commenced on the advice of counsel and with the leave of one of American's executives. In sum, the record does not reflect that American failed to supplement its discovery responses or otherwise committed sanctionable misconduct in discovery. The Court concludes that American violated neither Rule 26 nor Rule 37.

B.      **Rule 11 of the Federal Rules of Civil Procedure**

In addition to requesting attorneys' fees under Rule 26 and Rule 37, Peoples also asks for attorneys' fees under Rule 11 of the Federal Rules of Civil Procedure. That rule provides, in relevant part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> **(3)** the factual contentions have evidentiary support or, if specifically so

> identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 provides further for sanctions for a violation of subsection (b) of the rule:

> **(c) Sanctions.**
> **(1) *In General.*** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1). Under Rule 11, a district court may impose sanctions on lawyers or parties (or both) for submissions that are filed for an improper purpose or without a reasonable investigation of the facts and law necessary to support their claims. *See* Fed. R. Civ. P. 11(b), (c); *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) ("[A] court may impose sanctions on a party for making arguments or filing claims that are frivolous, legally unreasonable, [or] without factual foundation[.]"); *In re Alberto*, 119 B.R. 985, 993 (Bankr. N.D. Ill. 1990) ("When an attorney and client share responsibility for litigation strategy and such strategy violates Rule 11, courts can impose joint and several liability[.]"). These sanctions may include attorneys' fees and costs. *See* Fed. R. Civ. P. 11(c)(4). One of the purposes of Rule 11 is to deter baseless filings in the district court. *See Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 656 (7th Cir. 2003). However, Rule 11 sanctions "are to be imposed sparingly, as they can have significant impact beyond the merits of the individual case and can affect the reputation and creativity of counsel." *Hartmax Corp. v. Abbound*, 326 F.3d 862, 867 (7th Cir. 2003) (quotation omitted).

Peoples has adduced no evidence that American filed any papers in this case for an improper purpose. Instead, the record reflects that American sought to defend a lawsuit against it for a substantial amount of money. Ultimately, American made a tactical decision, based on advice of counsel and the consent of an American executive, not to contest certain invoices upon which Peoples claimed American owed it money. This hardly demonstrates bad faith on American's part. *See Thorton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986) (citing *Frazier v. Cast*, 771 F.2d 259, 265 n.4 (7th Cir. 1985)) (the test for assessment of attorneys' fees and costs under Rule 11 is objective, not subjective). Additionally, Rule 11 contains certain procedural requirements with which Peoples has not complied. Specifically, Rule 11 states:

> **(2) *Motion for Sanctions.*** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5 [of the Federal Rules of Civil Procedure], but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). Here, of course, Peoples's request for Rule 11 sanctions is not made separately from any other motion but instead is part of an omnibus motion for sanctions that invokes virtually every possible rule or statute under which American could be sanctioned, save for the Court's inherent power (about which the Court will have a bit more to say presently). Also, there is nothing in Peoples's motion to suggest that Peoples complied with the so-called "safe harbor" provisions of Rule 11 by serving its motion for Rule 11 sanctions on American twenty-one days before Peoples filed the motion with the Court. In sum, the Court finds no basis for imposition of Rule 11 sanctions in this case.

### C. 28 U.S.C. § 1927

Finally, Peoples seeks sanctions against American pursuant to 28 U.S.C. § 1927. That statutes provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The United States Court of Appeals for the Seventh Circuit has established standards for the imposition of Section 1927 sanctions:

> [A] court has discretion to impose § 1927 sanctions when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice; pursued a claim that is without plausible legal or factual basis and lacking in justification; or pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.

*Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quotations and internal citations omitted). Counsel must act unreasonably and vexatiously to warrant sanctions. *See Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992). Vexatious conduct requires either subjective or objective bad faith. *See Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988) ("A court may impose sanctions under 28 U.S.C. § 1927, against an attorney where that attorney has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice[.]") (quotation omitted); *Ordower v. Feldman*, 826 F.2d 1569, 1574 (7th Cir. 1987) (intentional ill will or reckless conduct constitutes vexatious conduct); *In re TCI, Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985) (bad faith can be demonstrated by subjective evidence of malice, objective evidence of reckless conduct, or indifference to the law). The moving party must show subjective bad faith "if the conduct under consideration had an objectively colorable basis."

*Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006). Objective bad faith requires only reckless indifference to the law, not malice or ill will. *See Riddle & Assocs. P.C., v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (quoting *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)) ("If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious.").

Here the Court finds no bad faith such as to sustain an award of sanctions under 28 U.S.C. § 1927. As the Court has said already, American's counsel simply made a tactical decision not to contest twenty-nine of the invoices at issue in this case. Peoples still had to prove damages of over $400,000.00 to the jury. Therefore, Peoples's request for Section 1927 sanctions will be denied. However, in the interest of completeness, the Court will address briefly the matter of whether sanctions are awardable in this case pursuant to the Court's inherent power. Under the familiar "American Rule," of course, each party to a lawsuit ordinarily bears its own attorneys' fees unless a statute, a contract, or decisional authority provides otherwise. *See Alyeska Pipeline & Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 466 (7th Cir. 2006); *Osler Inst., Inc. v. Forde*, 386 F.3d 816, 818 (7th Cir. 2004). One of the exceptions to the American Rule authorizes a federal court, on the basis of its general equity powers, to award counsel fees to a successful party where the party's opponent has acted in bad faith. *See Hall v. Cole*, 412 U.S. 1, 4-5 (1973) ("[F]ederal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require . . . . Thus, it is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (quotation omitted); *Skelton v. General Motors*

*Corp.*, 860 F.2d 250, 252 (7th Cir. 1988) ("The American Rule continues to govern most of the cases in this country. However, there are many cases where the court may determine not only the amount of [attorneys'] fees but which party shall pay them, based on statutory requirements or equitable doctrines.").

The Supreme Court of the United States has held that the authority to assess sanctions for bad-faith litigation is one of the inherent or implied powers which federal courts necessarily must possess "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Importantly, the inherent power of a federal court can be invoked even if other procedural rules or statutes exist to sanction the same conduct. The United States Supreme Court has recognized that nothing in 28 U.S.C. § 1927, Rule 11, and any other statute or rule authorizing attorneys' fees as a sanction, or in the cases that have interpreted such statutes and rules, "warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct." *Id.* at 50. The *Chambers* Court added that "[t]his is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions." *Id.* However, the Court said, "neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under [Section 1927] or the [Federal] Rules [of Civil Procedure]." *Id.* "A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees . . . . Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." *Id.* (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767

(1980)). Nevertheless, "if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Id*. Further, the decision to award attorneys' fees pursuant to a federal court's inherent power as a sanction for bad-faith litigation is committed to the court's discretion. *See In re Generes*, 69 F.3d 821, 826 (7th Cir. 1995) (citing *Chambers*, 501 U.S. at 50). In situations where a party has "attempted, by other tactics of delay, oppression, harassment and massive expense to reduce [an opponent] to exhausted compliance" with the party's wishes such that the party's "entire course of conduct throughout the lawsuit evidenced bad faith and an attempt to perpetrate a fraud on the court," Rule 11, which governs the submission of papers to a court for an improper purpose, cannot reach the offending conduct. *Chambers*, 501 U.S. at 41, 51. *See also Dale M. v. Board of Educ. of Bradley-Bourbonnais High Sch. Dist. No. 307*, 282 F.3d 984, 985-86 (7th Cir. 2002) (a district court has inherent power to order an attorney to disgorge a fee to which the attorney is not entitled, although such conduct is not sanctionable under Rule 11); *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 772 (7th Cir. 1997) (a district court has inherent power to sanction an attorney for failing file certain documents, although such conduct is not sanctionable under Rule 11). What this means for this case, then, is that if American is to be sanctioned pursuant to this Court's inherent power, the Court must determine if American has engaged in bad-faith litigation. *See Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1058 (7th Cir. 1998) (citing *Gillette Foods Inc. v. Bayernwald-Fruchteverwertung, GmbH*, 977 F.2d 809, 813-14 (3d Cir. 1992)) (the "prerequisite to a sanction under the inherent power is a finding of bad faith[.]"); *Coyne-Delany Co.v. Capital Dev. Bd. of Ill.*, 717 F.2d 385, 390 (7th Cir. 1983) (sanctions may be awarded under a court's inherent power "where the losing party has been guilty of bad faith").

In this case, the Court discerns no pattern of bad faith in American's conduct throughout this case. American litigated this matter vigorously but appropriately. Ultimately, American made a tactical decision not to contest certain invoices at issue in this case. Naturally, it likely would have been more convenient for Peoples and the Court had American made its decision not to contest the invoices somewhat earlier than it did but, as the Court already has said, it discerns no bad faith in American's conduct or the timing of American's announcement of its decision to concede that it owed $340,000.00 to Peoples. Naturally, the Court is conscious that a federal court's discretion in fashioning sanctions pursuant to its inherent powers is to be employed cautiously. "Because these inherent powers are potent, they must be exercised with caution and restraint." *Schmude v. Sheahan*, 420 F.3d 645, 650 (7th Cir. 2005). *See also Chambers*, 501 U.S. at 50, 53 (citing *Roadway Express*, 447 U.S. at 767) (stating that "[a] court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees" and that "the imposition of sanctions under the bad-faith exception depends not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation."); *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 927 (7th Cir. 2004) (quoting *Kovilic*, 106 F.3d at 772) ("[T]here is a 'need to be cautious when resorting to inherent powers to justify an action[.]'"); *United States for Use & Benefit of Treat Bros. Co. v. Fidelity & Deposit Co. of Md.*, 986 F.2d 1110, 1120 (7th Cir. 1993) ("[T]he imposition of sanctions, including attorneys' fees, on the basis of the court's inherent power is to be undertaken with great circumspection"). In sum, having examined all of the possible bases under which the Court could award attorneys' fees to Peoples, the Court finds no grounds for the imposition of sanctions on American.

### III. CONCLUSION

For all of the foregoing reasons, Peoples's motion for sanctions against American (Doc. 94) is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 8, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge