IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEOPLES NATIONAL BANK, N.A., as a Secured Creditor holding Notes and Security Agreements of P&K Business Corporation and as Assignee of the Notes and Security Agreements held by Farmers State Bank of Alto Pass as Secured Creditor of PJM Enterprises of Marion, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN COAL COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL NO. 09-761-GPM<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the objection brought by Defendant American Coal Company ("American") to the bill of costs submitted by Plaintiff Peoples National Bank, N.A. ("Peoples"). *See* Doc. 93; Doc. 96. This case was tried before a jury on February 7-8, 2012. At trial, American conceded that it owed Peoples $340,000.00. Therefore, the case was submitted to the jury on the matter of the remaining $411,449.75 that Peoples contended it was owed by American. The jury found for Peoples on its claim under Illinois law on an account stated, returning a verdict for Peoples in a total amount of $411,449.75. The Court entered judgment on the verdict for Peoples in a total amount of $751,449.75, a sum that reflected both the $340,000.00 that American admitted at trial to owing Peoples and the $411,449.75 awarded to Peoples by the jury. On February 23, 2012, Peoples, as the prevailing party in this case, submitted to the Court a bill of

costs for the following: fees of the Clerk of Court in the amount of $350.00; fees for service of summons and subpoenas in the amount of $375.00; fees for witnesses, to wit, $174.35 for Paulette Whetstone, $183.98 for Gary Walker, and $175.85 for Erik Burtis, for a total amount of $534.18; fees for copies of papers necessarily obtained for use in the case in a total amount of $3,675.30; all of which amounts to a grand total of $4,934.48. American now has filed a timely objection to Peoples's bill of costs, asking that Peoples's taxable costs be reduced to $1,979.35. American's objection to Peoples's bill of costs has been fully briefed, and the Court rules as follows.

Rule 54 of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Taxable costs are set out by federal statute as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. *See also United States Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009). Rule 54(d)(1) "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634

(7th Cir. 2006). Nevertheless, a court's discretion is limited by the presumption that exists in favor of awarding costs. Indeed, under Seventh Circuit precedent, a losing party cannot rebut this presumption merely by showing good faith conduct in a litigation. *See Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 775-76 (7th Cir. 1975). A losing party must satisfy a heavy burden when asserting that it should be excused from paying costs and affirmatively establish that the costs fall outside the parameters of Section 1920, were not reasonably necessary to the litigation, or that the losing party is unable to pay. *See, e. g., Muslin v. Frelinghuysen Livestock Managers*, 777 F.2d 1230, 1236 (7th Cir. 1985). A court is required to state legitimate reasons for denying costs. *See Congregation of the Passion v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Taxing costs against a losing party requires two inquiries: whether a cost is recoverable and whether the amount assessed is reasonable. *See Little v. Mitsubishi Motors of N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008).

At issue between the parties are Peoples's request for reimbursement of $2,189 for the Bates-labeling of copies of documents produced by Peoples in discovery and Peoples's request for reimbursement of copy fees for exhibit books prepared by Peoples for use at trial, which American claims should be reduced by at least half, from $1,180.55 to $590.28.[1] The Court turns first to the matter of Peoples's request for reimbursement for the cost of Bates-stamping discovery documents. The Court concludes that 28 U.S.C. § 1920(4) should be construed to permit reimbursement of Bates-stamping costs as part of the copying process. Section 1920(4) is "ordinarily construed as permitting an award of the reasonable expense of preparing . . . photostats and kindred materials.[.]"

---

1. American also contested Peoples's request for reimbursement for witness fees and mileage associated with Erik Burtis of $175.85. Peoples now has withdrawn its request for witness fees as to Burtis, so that the Court need not address the matter further.

*EEOC v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1227 (7th Cir. 1980) (quotation omitted). Particularly because of the large number of documents that were disclosed in discovery in this case, the Court finds that Bates-stamping costs should be allowed as part of the "cost of preparing and copying . . . discovery material." *NLFC, Inc. v. Devcom Mid-America, Inc.*, 916 F. Supp. 751, 763 (N.D. Ill. 1996) (citing *Kenosha*, 620 F.2d at 1227-28). *See also Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2003 WL 1908032, at *5 (N.D. Ill. Apr. 18, 2003) ("The Court finds that § 1920(4) should be construed to permit reimbursement of reasonable and necessary bates stamping costs as part of the copying process" where "[b]ates stamping was reasonably necessary to the ordered production and use of [discovery] documents in this litigation."); *First City Sec., Inc. v. Shaltiel*, No. 92 C 2620, 1993 WL 408370, at *2 (N.D. Ill. Oct. 8, 1993) ("Costs for binding, inserting tabs and bates stamping are allowed here because these services are necessary to reproduce a document in a way that is organized and useful to the opposing party and the court"). Therefore, the Court will allow Peoples $1,180.55 as costs for Bates-stamping of discovery documents in this case.

The Court turns next to the matter of the copy fees of $1,180.55 requested by Peoples for exhibit books prepared for use at trial. It appears that Peoples prepared five exhibit books, each at a cost of $236.11, for use by the undersigned, who presided at trial, the witnesses, American's trial counsel, and the two attorneys who represented Peoples at trial. "Photocopying charges attributable to discovery and the court's copies of pleadings, motions and memoranda are reasonably necessary for use in the case and can be awarded. Extra copies of filed papers and correspondence, and copies of cases, however, are not necessary but are for the convenience of the attorneys and therefore not taxable." *Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 722 (N.D. Ill. 1982)

(quotation marks omitted). Nonetheless, 28 U.S.C. § 1920 "allows the court to tax as costs '[f]ees for exemplification and copies of papers necessarily obtained for use in the case.'" *Id*. (quoting 28 U.S.C. § 1920(4)). In sum, Section 1920 does not limit taxation of photocopying expenses to pleadings, motions, and memoranda, but permits taxation of costs for exemplification and copies of papers necessarily obtained for use in the case. Thus, courts have held that, under Section 1920(4), "[d]uplication of exhibits is a taxable item." *Olga's Kitchen of Hayward, Inc. v. Papo*, 108 F.R.D. 695, 712 (E.D. Mich. 1985). *See also Principe v. McDonald's Corp.*, 95 F.R.D. 34, 37 (E.D. Va. 1982) (allowing as a taxable cost the expense of duplicating exhibits for each juror). Having decided that duplication of trial exhibits in general is taxable, the Court turns to the question of whether all five exhibit books made for use by the parties and the Court are compensable, or whether, as American contends, only the Court's copy is taxable. In this Circuit, courts typically judge the compensability of costs for copies by the use of the copies. As a sister trial court in this Circuit explained, photocopy charges are properly taxable "to the extent that the copies are used as court exhibits or were furnished to the court or opposing counsel." *Arachnid, Inc. v. Valley Recreation Prods., Inc.*, 143 F.R.D. 192, 193 N.D. Ill. 1992). *See also EEOC v. Sears, Roebuck & Co.*, 114 F.R.D. 615, 625 (N.D. Ill. 1987) (allowing the prevailing party to tax as costs six copies of each deposition transcript and exhibit, pretrial and trial transcript, trial exhibit, written testimony and expert report, pleading and attachment, discovery material, and excerpt of depositions the prevailing party introduced into evidence). Because the copies in Peoples's five exhibit books were made for use by the Court and the parties, the Court finds that the copies in the exhibit books were necessarily obtained for use in the case and grants Peoples's request for costs in the amount of $1,180.55 for the exhibit books.

To conclude, American's objection to Peoples's bill of costs (Doc. 96) is **OVERRULED**. Peoples, as the prevailing party in this case, is **AWARDED** the following as costs: fees of the Clerk of Court in the amount of $350.00; fees for service of summons and subpoenas in the amount of $375.00; fees for witnesses, to wit, $174.35 for Paulette Whetstone and $183.98 for Gary Walker, for a total amount of $358.33; and fees for copies of papers necessarily obtained for use in the case in a total amount of $3,675.30; all of which amounts to a grand total of $4,758.63.

**IT IS SO ORDERED.**

DATED:  May 8, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge